IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:14cr647-MHT |
| | ) | (WO) |
| JOSE HERNANDEZ | ) | |

OPINION AND ORDER

Before the court are defendant Jose Hernandez's pro se motions for new trial.  Though Hernandez's aim is unclear, the court can discern three possible ways to construe his motions: (1) as motions for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, (2) as motions for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, and (3) as motions to dismiss the indictment pursuant to Rule 12 of the Federal Rules of Criminal Procedure.   Because all these motions would be untimely, the court denies them.

First, Rule 33 of the Federal Rules of Criminal Procedure states that, "Upon the defendant's motion,

the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).  Because Hernandez asks for a new trial and because his filing's style states that it is in part a motion for new trial, the court construes his motions as, at least in part, motions for new trial pursuant to Rule 33.

Hernandez states the following grounds for his motions:

(1) That he is actually innocent;

(2) That the search warrant used in searching the home of codefendant Matthew Berry was invalid;

(3) That the evidence was insufficient to sustain a conviction;

(4) That some of the evidence used in trial was inadmissible hearsay evidence;

(5) That the government engaged in selective prosecution because of Hernandez's race and ethnicity;

2

(6) That he had ineffective assistance of trial counsel; and

(7) That the indictment was defective.

"Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). "The time limits imposed by Rule 33 are jurisdictional." United States v. Bramlett, 116 F.3d 1403, 1405 (11th Cir. 1997). Accordingly, in the context of a Rule 33(b)(2) motion, unless an extension is granted within the 14-day window, "a district court is without jurisdiction to grant a new trial ...." United States v. DiBernardo, 880 F.2d 1216, 1223 (11th Cir. 1989).

None of the grounds Hernandez states is on the basis of newly discovered evidence. He was therefore required to file his motions for new trial within 14 days of the verdict. The verdict was entered April 7, 2015, but his first motion is dated May 12. He thus

filed his motion no fewer than 35 days after the verdict, which was well beyond the time allowed. His second motion for new trial fairs no better, for it is dated June 10. Because he filed it well after the time allowed, his second motion is due to be denied as well. Accordingly, the court is without jurisdiction to grant a new trial.

Second, Hernandez requests dismissal of the charges against him, which is not a remedy provided by Rule 33. Federal Rule of Criminal Procedure 29 states that, "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Hernandez orally moved for judgment of acquittal at the close of the government's evidence and later renewed it, and the court denied the motion both times. Because Hernandez repeatedly asserts in his pro se

filings that the evidence was insufficient, the court could construe them as renewed Rule 29 motions for judgment of acquittal.

"A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."  Fed. R. Crim. P. 29(c)(1).  A motion for judgment of acquittal filed outside the 14-day window following a guilty verdict is untimely. See United States v. Calderon, 86 F.3d 200 (11th Cir. 1996).  This court cannot grant an untimely motion for judgment of acquittal.  Carlisle v. United States, 517 U.S. 416, 420-22 (1996).

As noted above, Hernandez's motions under consideration were filed at least 35 days after the jury returned its verdict and was discharged. Therefore, any portion of the motions that could be considered as a renewed request for judgment of acquittal is due to be denied as untimely.

5

Finally, the court might construe the motions as a Rule 12(b)(3) request to dismiss the indictment or for relief under Rule 12(b) on other grounds. In the motions, Hernandez asserts that the indictment was defective. He also makes a selective-prosecution claim. These claims are enumerated in Rules 12(b)(3)(A)(iv) & (B). However, even if the court were to view any part of his motions as a Rule 12(b) requests, they would nonetheless be untimely. A motion alleging a defect in the indictment or alleging selective prosecution must be made before trial. Fed. R. Crim. P. 12(b)(3). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

Hernandez has not shown good cause why the court should consider an untimely Rule 12(b)(3) motion. Because Hernandez did not file these motions before

trial, any portion of them that could be construed as a Rule 12(b) motion must be denied.

The same is true for Hernandez's claim of selective or discriminatory prosecution. If it could be construed as part of a Rule 12(b)(3) claim, it was untimely and must be denied.

* * *

Accordingly, it is ORDERED that defendant Jose Hernandez's motions for new trial, etc. (doc. nos. 123 & 126) are denied.

DONE, this the 29th day of July 2015.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**